EXECUTORS AND ADMINISTRATORS ⬅294—ACCOUNT—POWERS OF COURT.

The surrogate cannot determine whether a legacy shall be paid, on request of the executors and in the absence of suit to compel payment, where there is an unpaid note of the legatee in the hands of the executors of the same amount as the legacy; but that is a matter within the discretion of the executors.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1169–1184; Dec. Dig. ⬅294.]

Proceeding in the matter of the estate of Joseph W. Harper, in which the executors filed an account and asked instructions. Instructions denied.

Olin & Phelps, of New York City (W. G. Murphy, Jr., of New York City, of counsel), for petitioners.

Crawford & Tuska, of New York City (Benjamin Tuska, of New York City, of counsel), for claimant.

William Spoerle, of New York City, for general guardian.

FOWLER, S. The executors have filed their account and ask the surrogate for instructions as to whether they should pay a certain legacy of $1,000.

The testator died in 1896, leaving a will by which he bequeathed $1,000 to his sister, Emma Harper Dodge. The executors found among the testator's papers a promissory note for $1,000, dated September 16, 1886, signed by Emma Harper Dodge, and payable to the testator. They filed their account in 1900, but no action was brought

to compel the payment of the note and no provision was made in the decree for the payment of the legacy of $1,000. The decree expressly provided that the executors should retain the sum of $2,500 to pay any judgment which might be obtained by Emma H. Dodge in an action or proceeding brought to recover the legacy. No proceeding was brought in this court to compel the payment of the legacy, and the executors now ask the court for instructions as to whether they should pay it to the legal representative of Emma Harper Dodge, the latter having died in 1914.

The court cannot authorize the executors to pay the legacy or to refuse payment thereof, as the question is not properly before the court at this time. If the representative of the deceased legatee should bring a proceeding to compel the payment of the legacy, the executors could interpose any defense to which they considered themselves entitled, and the surrogate could then determine the question as to whether the legacy should be paid. But in this proceeding there is no issue upon which the court can make a judicial determination, and the executors must be left to their own discretion as to the advisability of paying the legacy or settling their account upon the assumption that it has been satisfied or barred by the statute of limitations.